**ELVGREN PAINT SUPPLY CO. and John M. Tendall, Appellants,**

v.

**BENJAMIN MOORE & CO., Appellee.**

**No. 90–5591.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1991.

Decided Nov. 6, 1991.

---

Counsel who presented argument on behalf of the appellant Mark M. Nolan, St. Paul, Minn., argued (Mark M. Nolan and James T. Hynes, St. Paul, Minn., on the brief), for appellants.

Counsel who presented argument on behalf of the appellee was Duane W. Krohnke, Minneapolis, Minn., argued (Duane W. Krohnke, Sharon L. Reich and Todd E. Zimmerman, Minneapolis, Minn., and John T. Rafferty, Montvale, N.J., on the brief), for appellee.

Before McMILLIAN, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

PER CURIAM.

Elvgren Paint Supply Co. (Elvgren) and John M. Tendall (hereinafter together referred to as plaintiffs) appeal from a final order entered in the District Court[1] for the District of Minnesota granting summary judgment in favor of Benjamin Moore & Co. (hereinafter defendant). *Elvgren Paint Supply Co. v. Benjamin Moore & Co.*, No. 3–89–CIV–465 (D.Minn. Oct. 26, 1990) (order). For reversal plaintiffs argue the district court erred in construing their promissory estoppel claim too narrowly and holding defendant had no duty to disclose certain material facts. Plaintiffs also argue the district court erred in denying their motion to amend their complaint to add a claim for breach of contract. For the reasons discussed below, we affirm the order of the district court.

Most of the facts are not disputed. Elvgren was a regional distributor of paint products manufactured by defendant; local dealers had to purchase defendant's products through Elvgren. Elvgren had originally been owned and operated by Tendall's parents, but by 1979 Tendall was Elvgren's sole shareholder. There was no written distributorship agreement between plaintiffs and defendant. In 1985 Tendall told defendant that he was considering selling Elvgren and the distributorship to a third party. In February 1986, however, defendant notified plaintiffs in writing that it was terminating Elvgren's distributorship as of October 1, 1986. Elvgren remained a local dealer of defendant's products, but it was much less profitable without the distributorship.

In 1989 plaintiffs filed this action in federal district court, alleging that defendant was estopped from unilaterally terminating the distributorship at all, or at least without cause, and that defendant had committed a material misrepresentation by failing to disclose that it considered the distributorship to be terminable at will. Plaintiffs argued that defendant was estopped from

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

claiming that the distributorship was terminable at will because, during the course of John Tendall's purchase and management of the distributorship, defendant's representatives had made certain oral and written statements assuring him that the distributorship was permanent or could be terminated only for cause. Defendant filed a motion for summary judgment, arguing that the oral and written statements upon which plaintiffs relied were too general to establish a promise of a permanent distributorship, or one terminable only for cause, and that the distributorship was one of indefinite duration, which, under Minnesota law, was terminable at will with reasonable notice. With respect to plaintiffs' misrepresentation claim, defendants argued that it had no duty to disclose.

The district court granted summary judgment in favor of defendant. The district court held that the oral and written statements were too general to support a promissory estoppel claim.[2] Slip op. at 7–8, *citing Corum v. Farm Credit Services,* 628 F.Supp. 707, 715–16 (D.Minn.1986). The district court found that, in the absence of any express or implied agreement between the parties about the duration of the distributorship, the distributorship was of indefinite duration and, under Minnesota law, terminable by either party at will upon reasonable notice. Slip op. at 9, *citing Benson Cooperative Creamery Ass'n v. First District Ass'n,* 276 Minn. 520, 151 N.W.2d 422, 426 (1967). The district court also found that defendant had no duty to disclose to plaintiffs that it considered the distributorship to be terminable at will because, under Minnesota law, one party to a business transaction has no duty to disclose facts to the other party, in the absence of a confidential or fiduciary relationship or other special circumstances. Slip op. at 10, *citing L & H Airco, Inc. v. Rapistan Corp.,* 446 N.W.2d 372, 380 (Minn.1989) (banc), *and W.K.T. Distributing Co. v. Sharp Electronics Corp.,* 746 F.2d 1333, 1336–37 (8th Cir.1984) (Minnesota law) (manufacturer-distributor relationship is not a fiduciary one). This appeal followed.

**2.** The district court also found that there was no evidence that defendant should have reasonably expected plaintiffs to rely on these general state-

■ We review a grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). In this diversity case we review de novo district court determinations of state law. *Salve Regina College v. Russell,* —— U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

We have reviewed the record and the applicable state law de novo, and we agree with the district court's findings of fact and conclusions of law. In light of our decision on the merits, whether the district court erred in denying plaintiffs' motion to amend the complaint is moot.

Accordingly, we affirm the order of the district court. *See* 8th Cir.R. 47B.

ments. *Elvgren Paint Supply Co. v. Benjamin Moore & Co.,* No. 3–89–CIV–465, slip op. at 8 (D.Minn. Oct. 26, 1990) (order).